IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MARIAH THOMAS, ET AL.**                                         **PLAINTIFFS**

**v.**                                     **CIVIL ACTION NO. 1:15-CV-623-KS-GMB**

**BAYOU FOX, INC., ET AL.**                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons below, the Court denies Defendants' Motion to Dismiss [44].

**I. BACKGROUND**

Plaintiffs Mariah Thomas, Harley Yancey, Victoria Rendfelt, Shauna Bennett, Alexis Campbell, Hannah Cobb, Kassidy Gilley, Kayla Hobbs, Kalee McSwain, Jarrika Morrow, Cherish Osbourne, Taylor Rodgers, Bethany Sellers, Constance Shoaf, Courtney Smith, Kayla Stille, Haylie Wells, Tiffany Wells, Norma Williams, and Bridget Worrell ("Plaintiffs") filed their Second Amended Complaint [30] with this Court on September 16, 2016, against Defendants Bayou Fox, Inc., d/b/a Hooters; Dothan Wings, Inc.; Gulf Coast Wings, Inc.; Homestar Restaurant Group, LLC; Robert L. Fox; Stuart K. Houston; and Phil Robinson ("Defendants"). (2d Am. Compl. [30].) This action centers around Plaintiffs' employment as servers by Defendants in their Dothan, Alabama, and Panama City, Florida, restaurant locations. Plaintiffs bring a claim against Defendants for violating the minimum wage provisions of the Fair Labor Standards Act ("FLSA").

Plaintiffs allege that "Defendants violated the minimum wage requirements of the FLSA by taking a tip credit against their minimum wage obligations for substantial non-tipped work servers were required to work." (2d Am. Compl. [30] ¶ 40.) Plaintiffs claim that this "non-tipped" work was compensated at $2.13 per hour, and that there was no opportunity to earn tips during the time they were performing this work because "they were no longer serving customers." (2d Am.

Compl. [30] ¶ 48.) "[N]on-tipped" work performed prior to the restaurants' opening included "taking down chairs, wiping tables and menus, setting out menus, making tea, rolling silverware, filling salt and pepper shakers, inspecting and cleaning glasses when necessary, cutting fruits and vegetables, filling ice machines, [and] attending" meetings. (2d Am. Compl. [30] ¶ 44.) Plaintiffs also allege that they were required to perform additional "side work" while the restaurant was open that included "washing and rolling silverware, sweeping their area, cleaning tables, filling condiments, making tea, refilling ice machines and running checkout." (2d Am. Compl. [30] ¶ 47.) Plaintiffs claim that they could work up to 2.5 hours in a 4.5-hour or 7.5-hour shift performing "non-tipped" work. (2d Am. Compl. [30] ¶¶ 49, 53.) Plaintiffs assert that they spent more than 20% of their working time performing "non-tip-producing activities," (2d Am. Compl. [30] ¶ 56), and as a result "are entitled to $7.25 per hour for all of the time they were engaged in non-tipped duties . . . ." (2d Am. Compl. [30] ¶ 58.)

## II. DISCUSSION

### A. Standard of Review

Defendants filed their Motion to Dismiss [44] under Federal Rule of Civil Procedure 12(b)(6). For a claim to survive a Rule 12(b)(6) motion, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the motion, the Court accepts "the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### B. FLSA Minimum Wage Claim

Defendants argue that Plaintiffs fail to adequately plead an FLSA minimum wage claim because Plaintiffs do not allege that their total pay for a workweek divided by the number of hours worked is below the minimum wage of $7.25 per hour. (Br. Supp. Defs.' Mot. Dismiss [44-1] p. 8.) Defendants rely on the holding in *United States v. Klinghoffer Bros. Realty Corp.* to assert that the Court should only consider the total amount of compensation in a given week to determine if the FLSA's minimum wage requirements are satisfied. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960).

While Defendants are correct that "[c]ompliance with the FLSA is measured by the workweek," *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1237 (11th Cir. 2002), the FLSA contains other requirements for tipped employees that are not accounted for under Defendants' suggested approach. The FLSA requires that tipped employees be compensated at a rate of $2.13 per hour in addition to the money they receive in the form of tips, as long as the sum of their wages and tips is at or above the minimum wage, $7.25 per hour. 29 U.S.C. §§ 203(m), 206(a)(1). The difference between the minimum wage and the lower rate of compensation for tipped employees is commonly referred to as the "tip credit." *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, 1309-10 (S.D. Fla. 2007). Under Defendants' reasoning, the requirement that tipped employees be paid any cash wage would effectively be read out of the statute. As long as a tipped employee collected enough in tips to make the minimum wage on average in a workweek, the employer could pay the employee nothing and still not be subject to an FLSA claim. *Romero v. Top-Tier Colo. LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017). *Klinghoffer* was decided in 1960, well

before Congress amended the FLSA to include the tip credit provision in § 203(m), and it does not account for the statutory requirements that currently apply to wages for tipped employees. *Id.* Even if a tipped employee receives more in wages than the minimum wage for a given week, there may still be a violation of the FLSA due to the employer's failure to satisfy the requirements of the tip credit provision. *See Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1347-48 (S.D. Fla. 2008).

The tip credit provision only applies to tipped employees. 29 U.S.C. § 203(m). A tipped employee is defined as "any employee engaged in an occupation in which [s]he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Plaintiffs do not allege that they are not tipped employees. Recognizing that employees can sometimes work in multiple occupations for the same employer, the U.S. Department of Labor ("DOL") promulgated a regulation clarifying that employees working in both a tip-generating occupation and an occupation that does not generate tips are only subject to the tip credit provision for the time spent in the tip-generating occupation and are entitled to the full minimum wage for time spent in the occupation that does not generate tips. 29 C.F.R. § 531.56(e). Additionally, the regulation clarifies that employees in tip-generating occupations are subject to tip credit wages when performing "related duties" that are not directed at producing tips "occasionally" or "part of [the] time." *Id.* However, the regulation does not clarify how employees should be paid when they are in tip-generating occupations but perform related duties not directed at producing tips more than occasionally. The regulation provides no definition for "occasionally" and "part of [the] time." "The regulation's failure to address these questions makes it ambiguous." *Fast v. Applebee's Int'l,*

*Inc.*, 638 F.3d 872, 877 (8th Cir. 2011) (citing *Barnhart v. Walton*, 535 U.S. 212, 218, 122 S. Ct. 1265, 152 L. Ed. 2d 330 (2002)).[1]

The DOL's Field Operations Handbook ("FOH") further defines the application of the dual jobs regulation, 29 C.F.R. § 531.56(e). U.S. Dep't of Labor, Field Operations Handbook § 30d00(f) (Nov. 17, 2016), https://www.dol.gov/whd/FOH/FOH_Ch30.pdf (visited May 30, 2017). Employers may "take a tip credit for time spent in duties related to the tipped occupation of an employee, even though such duties are not by themselves directed toward producing tips, provided such related duties are incidental to the regular duties of the tipped employees and are generally assigned to the tipped employee." *Id.* When a tipped employee spends over 20% of her work hours in related duties, the employee is entitled to the full minimum wage for those hours. *Id.*

The dual jobs rule was created by the DOL, and its interpretation is controlling unless "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997). In this case, the DOL's interpretation is neither plainly erroneous nor inconsistent with 29 C.F.R. § 531.56(e). The dual jobs rule in § 531.56(e) indicates that "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses" is still subject to the tip credit provision of the FLSA. The inclusion of the words "part of her time" and "occasionally" indicate some temporal threshold under which the tip credit may still be invoked. The DOL interpretation in the FOH is consistent with the regulation because it further defines and clarifies the dual jobs rule without

---

[1] In several rulings, the District of Arizona has held that the tip credit provision and the dual jobs regulation are unambiguous. *E.g.*, *Kirchgessner v. CHLN, Inc.*, 174 F. Supp. 3d 1121, 1126 (D. Ariz. 2016). However, the overwhelming majority of other courts have held that the statute and regulation are ambiguous and have accepted the FOH's 20% rule. *E.g.*, *Driver v. Appleillinois, LLC*, 739 F.3d 1073, 1076 (7th Cir. 2014); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880-81 (8th Cir. 2011); *Crate v. Q's Rest. Grp. LLC*, 2014 WL 10556347, at *4 (M.D. Fla. May 2, 2014). The Court chooses to follow the approach of the majority of courts that have addressed this issue.

contradicting it. Because Plaintiffs have alleged that they spent "in excess of 20% of their working time during a shift or week . . . performing . . . non-tip-producing activities" during which they were paid the tip credit wage, Plaintiffs have stated a claim sufficient to survive Defendants' Motion to Dismiss [44]. (2d Am. Compl. [30] ¶¶ 48, 56.)

Defendants also contend that the 20% rule as expressed in the FOH should be rejected because it is unworkable. (Br. Supp. Defs.' Mot. Dismiss [44-1] pp. 17-20.) They argue that the application of the rule would be too unwieldy because "side work" for servers occurs both during service hours and outside of service hours, making timekeeping difficult. The Court does not need to address this issue in the abstract. In this case, Plaintiffs allege that they performed non-tip-producing work before and after their shifts, and after being "called off" from serving customers in tip-producing work. (2d Am. Compl. [30] ¶¶ 41, 47, 54.) Plaintiffs only seek compensation for the non-tip-producing work that occurred in discrete time periods when they were not serving customers. (Pls.' Resp. Defs.' Mot. Dismiss [54] p. 32.) Defendants rely on *Pellon v. Business Representation International, Inc.* as support for the idea that the 20% rule is unworkable. (Br. Supp. Defs.' Mot. Dismiss [44-1] p. 23.) The court in *Pellon* rejected the application of the 20% rule to skycaps because it was unfeasible for the skycaps to divide the various tasks they performed over a workday to calculate what portion of time was spent on tasks that did not produce tips. *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306, 1313-14 (S.D. Fla. 2007), *aff'd*, 291 F. App'x. 310 (11th Cir. 2008). But *Pellon* is distinguishable because Plaintiffs state several discrete periods during which they were performing duties that were not directed at producing tips. Accordingly, Plaintiffs' claim is sufficient to survive Defendants' Motion to Dismiss [44] in light of the DOL's 20% rule.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [44] is **denied**.

SO ORDERED AND ADJUDGED, on this, the   31st   day of May, 2017.

                                                  s/Keith Starrett
                                                 KEITH STARRETT
                                                 UNITED STATES DISTRICT JUDGE